**UNITED STATES of America**

v.

**Lloyd C. PAYNE.**

**Civil No. No. HNM–97–938.
Criminal No. WMN–89–0234.**

United States District Court,
D. Maryland.

Jan. 20, 1998.

Lynne A. Battaglia, U.S. Attorney for the District of Maryland, and Richard C. Kay, Assistant U.S. Attorney, Baltimore, MD, for U.S.

Lloyd C. Payne, pro se.

*MEMORANDUM*

MALETZ, Senior Judge.[1]

Lloyd C. Payne has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (1994), *amended by* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. He claims: (1) that his firearms convictions cannot stand because his 1982 marijuana conviction in Maryland is classified as a misdemeanor and, therefore, could not serve as a predicate offense under 18 U.S.C. § 922(g); (2) that the sentence imposed on Count Three was incorrectly enhanced under 21 U.S.C. § 841(b)(1)(B) because his only prior conviction was the 1982 marijuana conviction; (3) that the sentences imposed on Counts One and Two were "excessive" under the sentencing guidelines; and (4) that the court erred in computing his criminal history for

sentencing guideline purposes. For the reasons stated below, the motion will be granted with respect to claims (1) and (2) and denied with respect to claims (3) and (4).

**I.**

A jury convicted Payne of (1) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (Counts One and Two); (2) attempted distribution of 500 grams or more of cocaine in violation of 21 U.S.C. § 846, (Count Three); and (3) two counts for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), (Counts Four and Five). He was sentenced to 115 months imprisonment on Counts One and Two, to run concurrently to each other; the mandatory minimum 10 year sentence imposed by 21 U.S.C. § 841(b)(1)(B) on Count Three, to run concurrently to Counts One and Two; 120 months imprisonment on Counts Four and Five, to run concurrently to each other and to Counts One, Two, and Three; a 27–month term of imprisonment under 18 U.S.C. § 3147, to run consecutively to Counts One, Two, and Three; five years of supervised release; and a $250 special assessment. Following sentencing, Payne filed an appeal with the Fourth Circuit. His conviction and sentence were upheld. *United States v. Payne,* 954 F.2d 199 (4th Cir.1992).

**II.**

Payne first contends that his 1982 conviction in Maryland cannot serve as a predicate conviction under 18 U.S.C. § 922(g). He argues that his prior state conviction was a misdemeanor for purposes of 18 U.S.C. § 922(g). The government does not contest Payne's assertion that his prior Maryland conviction could not serve as a predicate offense under section 922(g). Rather, the government argues that this claim is procedurally defaulted. A claim raised for the first time in a section 2255 motion generally is not reviewable unless the defendant demonstrates "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Fra-*

1. Of the United States Court of International Trade, sitting by designation.

*dy,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). The government argues that Payne has failed to show "cause" and "actual prejudice" for his procedural default.

Payne argues that ineffective assistance of counsel is the cause of his procedural default. Specifically, he argues that counsel was constitutionally ineffective for failing to challenge the government's reliance on his prior Maryland conviction. To state a claim for ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The parties do not dispute that Payne's prior Maryland conviction was a misdemeanor and, therefore, could not serve as a predicate offense under section 922(g). Therefore, counsel's failure to challenge the government's reliance on this conviction fell outside "the wide range of reasonable professional assistance." *See Strickland,* 466 U.S. at 689.

The government argues, however, that Payne cannot show prejudice as a result of the error because he admitted at trial that he was guilty of the firearms charges. The record shows, however, that Payne testified only that he knowingly possessed the firearms. He did not admit at trial that he was a convicted felon for purposes of section 922(g). The other argument of the government is that Payne cannot show prejudice from the error because his 1989 conviction of felony tax evasion "also served as a predicate felony for the firearms charges." This argument is similarly unsupported by the record. At trial, the government supported its section 922(g) charges against Payne by alleging his 1982 Maryland state marijuana conviction. Further, the court instructed the jury as follows:

> The government contends that the defendant was previously convicted of the crime of possessing marijuana with the intent to distribute in the Circuit Court for Prince George's County, Maryland. I instruct you that, as a matter of law, that crime is punishable by a term of imprisonment exceeding one year. To satisfy this first element, you need only find that the defendant was, in fact, convicted of that crime and that the conviction was prior to his possession of a firearm charged in this case.

The court concludes that Payne was prejudiced by counsel's error because the circumstance of the prior felony conviction is an essential element of the crime and, had counsel raised the issue on direct appeal, the Fourth Circuit would have overturned his convictions under section 922(g). In other words, because Payne's claim has merit, the court concludes that he satisfies both the ineffective assistance of counsel standard and the "cause" and "actual prejudice" standard.

■ Turning to the merits of his claim, under section 922(g) it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship, transport, or possess in or affecting commerce any firearm or ammunition. *See* 18 U.S.C. § 922(g)(1). The term "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense classified by the laws of the state as a misdemeanor and punishable by a term of imprisonment of two years or less." *See* 18 U.S.C. § 921(a)(20)(B). Maryland law classifies Payne's 1982 marijuana conviction as a misdemeanor punishable by a prison term of up to one year. *See* Md. Ann.Code art. 27, § 287(e) (1997). Therefore, that conviction could not serve as a predicate offense under 18 U.S.C. § 922(g). Accordingly, the court will vacate the firearms convictions.

### III.

■ Payne next argues that the court erred in sentencing him under the enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(B). Specifically, he contends that his 1982 marijuana conviction in Maryland does not qualify as a felony drug offense for purposes of the sentencing enhancement in 21 U.S.C. § 841(b). He contends that under Maryland law, the drug offense of which he was convicted in 1982 is classified as a misdemeanor.

The government, again, does not dispute Payne's contention that his prior Maryland conviction is classified as a misdemeanor. Instead, the government objects to the court's consideration of this claim on the grounds that Payne failed to raise it at sentencing or on direct appeal. *See Frady*, 456 U.S. at 167–68. The government argues that Payne has failed to show cause and actual prejudice for his procedural default.

■ The court finds it unnecessary to determine whether Payne has shown "cause" and "actual prejudice" with respect to this claim, however, because the court holds that his case comes within the "actual innocence" exception to the "cause" and "actual prejudice" requirement of *Frady*. *See United States v. Maybeck*, 23 F.3d 888, 892–95 (4th Cir.1994) (extending to noncapital sentencing enhancement cases "actual innocence" exception to *Frady*'s "cause" and "actual prejudice" requirement for consideration of issue despite procedural default).

The record shows that Payne is actually innocent of the conviction used to determine that the sentencing enhancement provision under 21 U.S.C. § 841(b)(1)(B) was applicable. Title 21, United States Code, section 841(b)(1)(B) provides in relevant part:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment.

The record indicates that Payne has only one prior conviction for a drug offense—the 1982 marijuana conviction. It is undisputed that his prior conviction is classified as a misdemeanor under Maryland law. Thus, that conviction does not qualify as a "felony drug offense" for sentencing purposes. Accordingly, the court holds that it erred in applying the enhancement provision of section 841(b)(1)(B) and sentencing Payne to 10 years imprisonment on Count Three.

■ The court has several options to choose from in fashioning a remedy. Where the court concludes that a defendant is entitled to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *See* 28 U.S.C. § 2255. Because the court computed Payne's guideline sentence before applying the sentencing enhancement, the court will correct the sentence on Count Three by reducing it from the 10 year mandatory minimum to the 115 month sentence the court would have imposed under the guidelines had it not applied the enhancement provision.[2]

### IV.

Payne next argues that the sentences imposed on Counts One and Two were "excessive" under the sentencing guidelines. This argument is singularly lacking in merit.

### V.

■ Payne's final contention is that the court erred in computing his criminal history for sentencing guideline purposes. He claims that his prior conviction in the District of Columbia for conspiracy to possess with intent to distribute and distribution of cocaine is "related" to the instant offense and therefore should not have been assessed any criminal history points. He claims that the acts involving the offense in Washington, D.C. in November of 1988 and the acts involving the instant offense in Baltimore in December of 1988, "occurred within the same time frame, and thus, constitute a single criminal episode." Apart from procedural default, the court is not persuaded for these two offenses were committed on separate occasions; were not consolidated for trial or sentencing; and Payne has produced no evidence to show that they were part of a single common scheme or plan. *See* USSG § 4A1.2, comment. (n.3). The court was correct, therefore, in treating the cases as unrelated.

---

**2.** At sentencing, the court found that Payne's offense level was 26; his criminal history was category IV; and the applicable guideline range was 92–115 months. The court sentenced him, under the Sentencing Guidelines, to 115 months imprisonment. On Count Three, however, the court applied the enhancement provision and imposed the ten-year statutorily required minimum sentence.

## VI.

For the reasons stated above, the court vacates Payne's convictions under 18 U.S.C. § 922(g). The court corrects the sentence imposed on Count Three by reducing it from 10 years imprisonment (the mandatory minimum sentence imposed under the enhancement provision of 21 U.S.C. § 841(b)(1)(B)) to 115 months imprisonment (the sentence required by the guidelines where there is no statutorily required minimum sentence). The court denies the motion in all other respects.