UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-6241

LLOYD C. PAYNE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                    No. 98-6549

LLOYD C. PAYNE,
Defendant-Appellee.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge,
sitting by designation.
(CR-89-234-WMN, CA-97-938-HNM)

Submitted: December 29, 1998

Decided: January 20, 1999

Before ERVIN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Lloyd C. Payne, Appellant Pro Se. Richard Charles Kay, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lloyd C. Payne appeals from the district court's order granting in part and denying in part his motion for relief filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and the Government has filed a cross-appeal. On appeal, Payne alleges that: (1) his criminal history score should be reduced by two points because his 1982 state conviction was not a felony; (2) the district court should have ordered a new presentence report before resentencing him, rather than relying on the original report prepared in 1990; and (3) the district court abused its discretion by resentencing him at the top of the Guidelines range. The Government argues in its cross-appeal that the district court clearly erred in finding that Payne's 1982 conviction was a misdemeanor, vacating his felon-in-possession convictions and sentence, and resentencing him to a shorter term of incarceration. Because we find that Payne's claims are without merit and that the district court clearly erred in finding that his 1982 state conviction was a misdemeanor, we grant a certificate of appealability, affirm the district court's order in part, vacate in part, and remand this case to the district court with instructions to reinstate Payne's original convictions and sentences.

Payne was convicted by a jury in 1990 of two counts of distribution of cocaine (counts one and two), one count of attempting to distribute 500 or more grams of cocaine (count three), and two counts of being

2

a felon in possession of a firearm (counts four and five). At sentencing, the district court added two points to Payne's criminal history score for counts one and two based on a 1982 state felony conviction for possession with intent to distribute two pounds of marijuana,[1] resulting in concurrent 115-month sentences. The Government also relied on the 1982 conviction to seek an enhanced penalty for count three pursuant to 21 U.S.C. § 851 (1994), which resulted in Payne being sentenced to the mandatory minimum sentence of ten years for this offense, to be served concurrently with the sentences in counts one and two. Finally, the Government relied on the 1982 conviction to support the felon-in-possession convictions. The district court sentenced Payne to a total of twenty-seven months for these offenses, to be served consecutively with the sentences in counts one, two, and three.

We affirmed Payne's convictions and sentences. See United States v. Payne, 954 F.2d 199 (4th Cir. 1992). Payne did not challenge the district court's characterization of the 1982 state conviction as a felony at trial or on direct appeal. In his § 2255 motion, Payne alleged for the first time that the state court found that the amount of marijuana was insufficient to show intent to distribute and reduced his conviction to simple possession -- a misdemeanor. Although Payne offered no evidence to support this claim, he nevertheless asserted that because he was only convicted of a misdemeanor, the evidence was insufficient to support his felon-in-possession convictions and the enhancement to the mandatory minimum sentence. The Government did not address the merits of Payne's assertions in its answer, instead arguing that Payne waived this issue by failing to raise it at trial or on direct appeal. In his reply, Payne alleged for the first time that he should be excused from this failure because counsel rendered ineffective assistance.

The district court found that since the Government did not dispute Payne's claim that his 1982 state conviction was a misdemeanor, it must be true, and, therefore, counsel did render ineffective assistance. See United States v. Payne, 990 F. Supp. 412 (D. Md. 1998). As a result, the court vacated the felon-in-possession convictions and sentence, vacated the mandatory minimum sentence as to count three,

_____

**1 See U.S. Sentencing Guidelines Manual** § 4A1.1(b) (1997).

3

and resentenced Payne to the Guidelines maximum (115 months) on that count. The convictions and sentences for counts one and two were not changed.

Payne's claim that the district court erred by imposing a sentence at the high end of the Guidelines range is not reviewable. See United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994). We find that Payne failed to show that the district court incorrectly calculated his Guidelines range, and there is no evidence that the sentence was based on an unconstitutional classification such as race. See United States v. Holmes, 60 F.3d 1134, 1137 (4th Cir. 1995).

We further find that the district court's conclusion that Payne's 1982 conviction was a misdemeanor was clearly erroneous.[2] The district court's decision was based on the erroneous assumption that the Government did not dispute Payne's allegation that his 1982 conviction was a misdemeanor. Our review of the record, however, reveals that the Government consistently maintained that the conviction was a felony in its motion for an enlargement of time in which to file an answer to Payne's § 2255 motion and in its motion for reconsideration. More importantly, the record contains a certified copy of Payne's 1982 conviction, which clearly shows that he was convicted of possession of marijuana with intent to distribute; a felony under Maryland law. See Md. Code Ann., Article 27§ 286 (1996). Aside from his own self-serving allegations, Payne failed to present any evidence showing that this conviction was later vacated or otherwise reduced to a misdemeanor.

We therefore grant a certificate of appealability, affirm the district court's order in part, vacate in part, and remand the case with instructions to reinstate Payne's original convictions and sentences.[3]

_____

[2] As a threshold matter, Payne had the affirmative duty to show that the information in the presentence report (which characterized his 1982 conviction as a felony) was incorrect; mere objections are insufficient. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). In the present case, Payne failed to provide any evidence, aside from his own bald assertions, showing that his conviction was reduced to a misdemeanor.
[3] Because the record shows that Payne was convicted of a felony, his claims concerning the calculation of his criminal history score and the need for a new presentence report fail.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED